IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RICHARD LOUIS GARCIA, | |
| Petitioner, | 8:23CV512 |
| vs. | |
| ROB JEFFREYS, | MEMORANDUM AND ORDER |
| Respondent. | |

This matter is before the Court on Respondent's Motion for Summary Judgment. Filing No. 13. Respondent filed the relevant state court records, Filing No. 14, a Statement of Undisputed Material Facts, Filing No. 15, and a Brief in Support, Filing No. 16. Petitioner Richard Louis Garcia ("Petitioner" or "Garcia") filed a Response to Motion for Summary Judgment. Filing No. 17. Respondent filed a Reply Brief. Filing No. 18. Accordingly, the Court considers this matter fully submitted for disposition. Petitioner also filed a Motion to Appoint Counsel, Filing No. 20, and Motion for Clarification, Filing No. 21.

Respondent's Motion for Summary Judgment contends Garcia's Petition for Writ of Habeas Corpus, Filing No. 1, must be dismissed because Garcia's claims are procedurally defaulted. Upon careful review, the Court will grant the Motion and dismiss the Petition with prejudice.

## I.  FACTS

Respondent submitted the following in his Statement of Undisputed Facts, Filing No. 15, which Petitioner does not dispute, *see* Filing No. 17:

1. On September 14, 2022, Petitioner pleaded no contest in the District Court of Box Butte County, Nebraska, to attempted possession of a deadly weapon by a felon. Filing No. 1 at 20.

2. On January 11, 2023, the state district court sentenced Petitioner to 18 to 25 years of imprisonment. Filing No. 1 at 20.

3. Petitioner filed no direct appeal. Filing No. 1 at 20.

4. On April 25, 2023, Petitioner filed for postconviction relief in state court, alleging that (1) "there was such a denial and infringement of his rights so as to render the judgement [sic] voice or voidable under the constitution[s]" of Nebraska and the United States, and (2) his right to be free from unreasonable searches and seizures were violated. Filing No. 1 at 24-25.

5. On May 2, 2023, the state district court denied Petitioner postconviction relief. Filing No. 1 at 22.

6. Petitioner did not appeal. Filing No. 14-1 at 4.

7. On November 17, 2023, Petitioner filed his habeas petition. Filing No. 1 at 1.

## II. ANALYSIS

Respondent submits that Garcia's Petition must be dismissed because each of his habeas claims are procedurally defaulted. Upon review, the Court agrees.

**A. Applicable Legal Standards**

As set forth in 28 U.S.C. § 2254:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999). In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented to the trial court, and then in an appeal to either the Nebraska Supreme Court directly or to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. *See Akins v. Kenney,* 410 F.3d 451, 454-55 (8th Cir. 2005).

A state prisoner must therefore "fairly present" the substance of each federal constitutional claim to the state courts before seeking federal habeas corpus relief. *O'Sullivan,* 526 U.S. at 844. "In order to fairly present a federal claim to the state courts, the petitioner must have referred to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue in a claim before the state courts." *Carney v. Fabian,* 487 F.3d 1094, 1096 (8th Cir. 2007) (cleaned up). A habeas claim has not been fairly presented, and is thus procedurally defaulted, if a petitioner, in arguing his claim to the state courts, "relied solely on state law grounds—namely, that the trial court misapplied . . . state statutes and case law on point." *Id.* Where

3

no state court remedy is available for the unexhausted claim—that is, if resort to the state courts would be futile—then the exhaustion requirement in § 2254(b) is satisfied, but the failure to exhaust "provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default."

*Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005) (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)). Stated another way, if a claim has not been presented to the Nebraska appellate courts, including in a petition for further review to the Nebraska Supreme Court, and the claim is now barred from presentation to the state courts, the claim is procedurally defaulted, not unexhausted. *Akins*, 410 F.3d at 456 n.1.

"The Nebraska Postconviction Act, Neb. Rev. Stat. § 29-3001 et seq. (Reissue [2016 & Supp. 2023]), is available to a defendant to show that his or her conviction was obtained in violation of his or her constitutional rights"; however "the need for finality in the criminal process requires that a defendant bring all claims for relief at the first opportunity." *State v. Sims*, 761 N.W.2d 527, 533 (Neb. 2009). "It is well established that a petition for postconviction relief may not be used to obtain review of issues that were or could have been reviewed on direct appeal. Any attempts to raise issues at the postconviction stage that were or could have been raised on direct appeal are procedurally barred." *State v. Dubray*, 885 N.W.2d 540, 552 (Neb. 2016). Furthermore, in 2011, the Nebraska Legislature created a one–year time limit for filing a

4

verified motion for postconviction relief. *See* Neb. Rev. Stat. § 29–3001(4); *State v. Smith*, 834 N.W.2d 799, 801 (Neb. 2013).

### B. Garcia's Habeas Claims

Applying the foregoing principles here, it is apparent that Petitioner's habeas claims are procedurally defaulted. In his first and third claim, Petitioner asserts he was denied the effective assistance of counsel. Filing No. 9 at 1. When Petitioner filed his postconviction motion on April 25, 2023, he failed to raise either of these claims. In other words, Petitioner could have raised his ineffective assistance of counsel claims but failed to do so.

Petitioner asserts that he raised his first claim in his postconviction motion, *see* Filing No. 1 at 6. However, the records attached to the Petition show that he did not raise his first or third claim in his postconviction motion, *see* Filing No. 1 at 24-25. Thus, Petitioner failed to fairly present these federal habeas claims to the state courts. Moreover, Petitioner failed to invoke one complete round of Nebraska's appellate review process as he did not file an appeal from the state district court's denial of his postconviction motion. Because he failed to raise the ineffective assistance claims in his postconviction motion, the claims are procedurally defaulted, and he cannot raise them now. *See O'Sullivan*, 526 U.S. at 848. Therefore, Petitioner's ineffective assistance habeas claims are procedurally defaulted.

In his second claim, Petitioner asserts the evidence against him should have been suppressed. Filing No. 9 at 1. Petitioner did not file a direct appeal and did not include this claim in his state postconviction motion. *See* Filing No. 1 at 20, 24-25. Additionally, Petitioner is now time-barred from presenting this claim in a postconviction motion as more than one year has passed since his conviction became final upon expiration of the time for filing a direct

appeal. *See* Filing No. 1 at 27; *see also* Neb. Rev. Stat. § 29–3001(4)(a). Thus, his second claim is procedurally defaulted.

C. **No Cause and Prejudice, Miscarriage of Justice, or Actual Innocence**

Petitioner's Response only directly addresses his second claim—that the evidence against him should have been suppressed because the warrant for his arrest was allegedly neither signed by a judge nor filed in court. Filing No. 17 at 1. Construed liberally, Petitioner argues his default on this claim should be excused because he is actually innocent. *See id*. However, Petitioner's argument relies solely on the legal deficiencies of the warrant leading to his arrest. *Id.* This argument fails to support a claim for actual innocence. *See Cagle v. Norris*, 474 F.3d 1090, 1099 (8th. Cir. 2007) ("Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim.").

In Petitioner's Motion for Clarification, Filing No. 21, he appears to argue that he satisfied the "new evidence" requirement. Petitioner claims that after his trial and sentencing, Petitioner discovered that his record contained no evidence of a firearm, even though he was convicted of possession of a firearm by a prohibited person. Filing No. 21 at 1. Petitioner presumably argues that this constituted "new evidence" because he personally discovered the lack of firearm evidence after his sentencing. *See id.*

However, the actual-innocence exception requires a habeas petitioner to present "new reliable evidence" which was "not available at trial through the exercise of due diligence." *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). Moreover, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (citation omitted). The actual innocence standard is a "demanding" one, and "[t]he gateway should

open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *McQuiggin v. Perkins*, 569 U.S. 383, 401 (2013) (quoting *Schlup*, 513 U.S. at 316). Petitioner seems to argue that the evidence is "new evidence" because it was new to him after his sentencing. However, even construed liberally, Petitioner's theory of actual innocence does not rely on any "new evidence" that did not exist at the time of his conviction and sentence. Accordingly, he has not met the requirements for the exception to the procedural default.[1]

Petitioner has not attempted to argue, let alone demonstrated, cause and prejudice to excuse the procedural default of his claims, nor has he argued or demonstrated that the Court's failure to consider his defaulted claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Upon careful review of the Petition and records before the Court, Petitioner has not shown he suffered any actual prejudice from his inability to raise his habeas claims.

### III. OTHER PENDING MOTIONS

Also pending are two motions submitted by Petitioner. The first is a Motion to Appoint Counsel, Filing No. 20. That Motion will be denied as moot because the Petition for habeas corpus must be denied. The second is a Motion for Clarification, Filing No. 21, wherein Petitioner primarily argues in

---

[1] Petitioner may also be attempting to argue that his second and third habeas claims show actual innocence as grounds for habeas relief. To the extent Petitioner makes that argument, the Court notes that actual innocence has not been recognized as a cognizable, independent claim under 28 U.S.C. § 2254 by the Supreme Court or the Eighth Circuit. "The actual innocence showing excuses a procedural bar. It does not constitute an independent substantive claim." Brian R. Means, Federal Habeas Manual § 9B:84 (West 2024) (citing *Herrera v. Collins*, 506 U.S. 390 (1993)); *cf. Rouse v. United States*, 14 F.4th 795, 801 n.4 (8th Cir. 2021) ("[I]t [is] an open question whether such freestanding claims of actual innocence are cognizable." (citing *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013))).

7

opposition to Respondent's Reply Brief. As noted above, the Court has, in its discretion, considered these arguments in addressing Respondent's Motion for Summary Judgment. Additionally, the Motion is moot because the Petition must be denied.

## IV. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on a petition for writ of habeas corpus under § 2254 unless granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). The Court has applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1. Respondent's Motion for Summary Judgment, Filing No. 13, is granted.

2. Petitioner's habeas petition, Filing No. 1, is dismissed with prejudice because Petitioner's claims are procedurally defaulted.

3. The Court will not issue a certificate of appealability in this matter.

4. Petitioner's Motion to Appoint Counsel, Filing No. 20, is denied.

5. Petitioner's Motion for Clarification, Filing No. 21, is denied.

6. A separate judgment will be entered.

Dated this 22nd day of September, 2025.

> BY THE COURT:
>
> *John M. Gerrard*
> _____
> John M. Gerrard
> Senior United States District Judge